IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv286

| | | |
|---|---|---|
| NATIONAL ALLIANCE FOR ACCESSIBILITY, INC., a Florida Non-Profit Corporation; and DENISE PAYNE, individually, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | **MEMORANDUM AND RECOMMENDATION** |
| HORNE-RIVER RIDGE II, LP, a North Carolina Limited Partnership, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss Pursuant to Rule 12 (#7). Such motion was filed on February 2, 2011, making plaintiffs' response due to be filed not later than February 22, 2011. As of March 3, 2011, no response had been filed. While failure to respond alone would warrant summary dismissal under Local Civil Rule 7.1, review of the substance of defendant's motion and review of plaintiffs' Complaint reveals that dismissal is substantively required as plaintiffs lack standing to bring this action.

-1-

# FINDINGS AND CONCLUSIONS

## I. Introduction

Review of the substance of the motion reveals that defendant seeks dismissal under Rule 12(b)(1), Federal Rules of Civil Procedure, and contend that plaintiffs lack standing to bring this claim under Article III of the United States Constitution. Plaintiffs, who are represented by counsel, have failed to respond.

## II. Applicable Standard

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiffs. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Plaintiffs have failed to satisfy such burden as they have failed to respond. In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

### III. Allegations of the Complaint

According to the Complaint, Plaintiff Payne is a resident of the State of Florida, and is disabled for purposes of the ADA. Complaint, ¶¶ 2, 8. Plaintiff National Alliance for Accessibility, Inc., is a Florida non-profit organization which "represents the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities." Complaint, ¶ ¶ 3, 9.[1]

Plaintiffs initiated the present action on December 6, 2010, seeking injunctive relief and attorneys fees on the basis of purported violations of the Americans with Disabilities Act (hereinafter "ADA") at the River Ridge Marketplace (hereinafter "RPM") in Asheville, North Carolina. Plaintiffs allege that defendant is the "owner, lessee, lessor and/or operator" of RRM, which plaintiffs have characterized as a "public accommodation" as that term is contemplated by the ADA. Complaint, ¶ 14. Plaintiffs further allege that certain barriers exist at RRM which prevented plaintiffs from accessing parts of the premises and/or created hazards to plaintiffs while at the premises. Complaint, ¶ 17. More particularly, plaintiffs contend that aspects of the restrooms, parking lot, and entranceways violate the *Accessibility Guidelines* set forth under the ADA. Complaint, ¶ 17. Alleging irreparable harm, plaintiffs request a

---

[1] Plaintiffs are represented by a member of the bar of this court, who appears to practice in Miami, Florida.

permanent injunction against defendant. Complaint, ¶ 23. Plaintiffs also request attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505. Complaint, ¶ 22.[2]

## IV. Discussion

To establish standing sufficient to confer subject matter jurisdiction, plaintiffs must show that they (1) have suffered an injury in fact; (2) which was caused by the action of the defendant; and (3) which will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). In the context of Title III of the ADA, plaintiffs must demonstrate (1) a past injury; (2) that the discriminatory treatment will continue; and (3) intent to return to the premises. Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2nd Cir. 2008). Under Rule 12(b)(1), the burden of proving their standing is plaintiffs', and they must show a real and imminent threat of suffering future discrimination at the hands of these defendants, which much also include an analysis of the likelihood that plaintiffs will actually return to the premises. Falls v. Prince George's Hosp. Ctr., 1999 U.S. Dist. LEXIS 22551, *16-18 (D. Md. 1999).

---

[2] Clearly, under Rule 12(b)(1), a court can take judicial notice and consider other matters outside the pleadings as long as they are presented in an otherwise admissible format. Even though plaintiffs have failed to object, the court has not, however, considered the defendant's argument as to the number of cases filed by plaintiffs inasmuch as such assertion is not supported by affidavit.

As standing of the associational plaintiff is dependent on whether a member of the organization would have standing to sue individually, the court will first consider whether Plaintiff Payne has standing. Central to such determination is whether the individual plaintiff is likely to ever return from her home in Florida to what is essentially a strip shopping center located on the outskirts of Asheville, North Carolina.[3] In determining whether the requirements of standing are met, a number of courts have identified multiple factors which are relevant in assessing whether a party has standing to pursue an ADA claim. Camarillo v. Carrols Corporation, 518 F.3d 153, 158 (2nd Cir. 2008). In Camarillo, the Court of Appeals for the Second Circuit stated that, at the initial pleading phase, a plaintiff may demonstrate standing by: (1) alleging past injury under the ADA; (2) providing some indication that the discriminatory treatment will continue; and (3) demonstrating based on the frequency of past visits and the proximity to the location at issue that plaintiff is likely to return in the future. Id. Similar considerations have been applied in this district. Disabled Patriots of America, Inc. v. Fu, 2009 WL 1470687, *3 (W.D.N.C. May 26, 2009).

In this case, the clear issue is whether Plaintiff Payne, who stated she resides in Florida (but has not indicated the city or county in which she resides) is likely to

---

[3] The court has taken notice of the nature of the facility at issue as the court is familiar with the facility. By using the term "strip center," the court only refers to the stores being connected by an exterior sidewalk, unlike a mall.

travel to Asheville and there revisit a strip shopping center. Inasmuch as the only city mentioned by either plaintiff as a residence is Fort Lauderdale, Florida, the court has approximated that plaintiff would have to travel some 775 miles to revisit this particular shopping center.[4] The court has also taken into facts that were present in <u>Disabled Patriots</u>, <u>supra</u>, but are missing here, such as previous visits by plaintiff to the facility, an allegation that the facility was frequented for business purposes, a clear intent to revisit the facility in the future, and a desire to relocate to the state. While plaintiff alleges that she "plans to return to the property to avail herself of the goods and services offered to the public at the property in a manner equal to that offered to individuals who are not disabled, once the Defendant has eliminated the violations," Complaint, at ¶ 8, the court finds such statement to be conclusory if not boilerplate as it is unsupported by other plausible allegations from which a reasonable inference could be drawn that the individual plaintiff actually intends to return - - wholly unlike the allegations and showing made by the individual plaintiff in <u>Disabled Patriots</u>, <u>supra</u>.

In determining whether a plaintiff is likely to return, courts look to the following factors:

---

[4] The court has had to make such estimate in light of plaintiffs' failure to respond, and has done so in a manner most favorable to her as the only other relevant city mentioned in the Complaint is the address of plaintiff's counsel's office in Miami, which would be further.

-7-

> Courts have commonly applied four factors when determining if a plaintiff has established a likelihood of return sufficient to confer standing: (1)the proximity of the place of public accommodation to plaintiff's residence; (2) plaintiff's past patronage of defendant's business; (3) the definitiveness of plaintiff's plans of return; and (4) the plaintiff's frequency of travel near the business in question.

Jones v. Sears Roebuck & Co., 2006 WL 3437905, *2 (E.D.Cal. Nov. 29, 2006)(citation omitted).

The court has considered each factor. As to the individual plaintiff's proximity to the defendant's alleged place of public accommodation, the distance is some 775 miles and would require at least 13 hours to travel by car. As to previous visits, such plaintiff has not alleged any past patronage of the defendant's place of public accommodation. As to her future plans, plaintiff has alleged that she plans to return; however, the allegation is little more than boilerplate as she had made no allegations that such accommodation contains any unique business or attraction that would cause her to travel nearly a thousand miles to visit.[5] Further, the stated plans to return in the future are not definite as they do not reference any particular date, event, business interest, family occasion, or attraction. Finally, plaintiff makes no allegations concerning the frequency of her travels near the defendant accommodation.

The standing requirement is designed to guarantee that plaintiffs have a

---

[5] The court takes judicial notice of its own docket and finds that plaintiff has filed nine civil actions in this district, therein making similar allegations of her plans to return to those defendants' properties.

-8-

sufficient personal stake in the outcome of a dispute to render judicial resolution of the dispute appropriate. Long Term Care Partners, LLC v. United States, 516 F.3d 225, 230-31 (4th Cir.2008). Based on the above factors, it simply does not appear that the individual plaintiff has a sufficient personal stake in the outcome of these judicial proceedings to make judicial resolution of her Complaint appropriate. The individual plaintiff lacks standing.

Having determined that Plaintiff Payne lacks standing, the undersigned now turns to the standing of the associational plaintiff, "National Alliance for Accessibility, Inc." While plaintiffs have alleged that such associational plaintiff is a Florida corporation and that plaintiff is a member, plaintiffs have made no further showing concerning other members of such association. See Complaint, ¶ 9.[6]

> [A]n association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

Friends of the Earth, Inc. v. Laidlaw Environmental Services, 528 U.S. 167, 181 (2004)(citation omitted). As Plaintiff Payne is the only member of such association

---

[6] Review of the public governmental records maintained by the Florida Secretary of State reveal that Plaintiff Payne is the president of such non-profit corporation. A vice president is named in such public filing; however, he is not named as a plaintiff herein. Plaintiff has made no showing that any other member has standing to sue in their own right.

proffered by plaintiffs, and it appearing that Plaintiff Payne lacks standing, the Plaintiff National Alliance for Accessibility, Inc., also lacks standing as a matter of well-settled law.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant's Motion to Dismiss Pursuant to Rule 12 (#7) be **GRANTED**, and that this action be dismissed as plaintiffs lack Article III standing to sue.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: March 3, 2011

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge